UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANKIE CUEVAS,

    Petitioner,

v.                             CASE NO. 8:14-cv-02947-T-27-AEP
                               CRIM. CASE NO. 8:09-cr-257-T-27AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 4), Petitioner's memorandum in support (CV Dkt. 4 Ex. 1), the Government's Response (CV Dkt. 8), and Petitioner's Reply (CV Dkt. 9). Upon review, Petitioner's Section 2255 motion is DENIED. A review of the record shows that his claims are procedurally defaulted.[1]

### Procedural Background

Pursuant to a plea agreement, Petitioner pleaded guilty to Count One of the Indictment, in which he was charged with conspiracy to possess with intent to distributer and to distribute cocaine (CR Dkts. 47, 50, 53, 54). He was sentenced to 180 months in prison, followed by six years of supervised release. (CR Doc. 61). He did not appeal, but filed a § 2255 motion. (CR Dkts. 67, 68; 8:11-cv-240-T-27AEP, Dkts. 1, 2). In his petition, he raised three claims of ineffective assistance of counsel. Grounds One and Three, which alleged that he was incorrectly sentenced as a career offender and that he was prejudiced by cumulative errors in the case, were

---

[1] Petitioner waived his right to appeal by entering into a plea agreement that included an appeal waiver provision (Dkt. 47 at p. 11).

denied. (8:11-cv-240-T-27AEP, Dkt. 15). An evidentiary hearing was held on Ground Two, in which he alleged that his attorney failed to file an appeal after being requested to do so, and failed to consult with him about an appeal. (*Id.* at Dkt. 14). The motion was granted on Ground Two, the same sentence was imposed, and he was granted the right to appeal (*Id.* at Dkt. 19).

On appeal, he argued that the Government "breached its obligations in the plea agreement to (1) provide him with an opportunity to earn a substantial assistance motion pursuant to [United States Sentencing Guidelines Section] 5K1.1 prior to sentencing, and (2) to make known to the district court the nature and extent of his cooperation with the [G]overnment," and "that the district court plainly erred by failing to determine that the [G]overnment breached the plea agreement." *United States v. Cuevas*, 507 F. App'x 901, 902 (11th Cir. 2013). He also challenged his sentence as grossly disproportionate to his offense in violation of the Eighth Amendment. *Id.* at 903. The Eleventh Circuit affirmed. *Id.* at 903-904.

Petitioner then filed two motions in his criminal case challenging his career offender enhancement. (CR Dkts. 22, 24). The motions were denied as unauthorized successive Section 2255 motions and dismissed for lack of jurisdiction. (CR Dkt. 26). On reconsideration, the order denying the motions was vacated and Petitioner was ordered to notify the Court "whether he (1) withdraws his motions . . . , (2) intends to amend the motions, or (3) desires that the motions be considered, collectively, a Section 2255 motion as filed." (CR Dkt. 27).

In compliance with the Order, Petitioner filed the instant Petition[2] (8:11-cv-240-T-27AEP Dkt. 31; CV Dkt. 4), which presents the following six grounds for relief:

---

[2] The Government concedes that the Petition is timely. (CV Dkt. 8 at 7).

**Ground One:**

> FLORID[]A STATUTES CHAPTER 893 IS OVERB[RO]AD AND NOT A CATEGORICAL GENERIC FELONY DRUG OFFENSE[.]

(CV Dkt. 4 Ex. 1 at 1).

**Ground Two:**

> FLORIDA STATUTE § 893.13—AS MODIFIED BY § 893.101—IS AN INDIVISIBLE STATUTE WHICH DOES NOT PERMIT A COURT TO USE THE MODIFIED CATEGORICAL APPROACH TO FIND THE MISSING GENERIC ELEMENT (KNOWLEDGE OF THE ILLIC[I]T NATURE OF THE SUBSTANCE)[.]

(CV Dkt. 4 Ex. 1 at 19).

**Ground Three:**

> UNDER THE "CATEGORICAL APPROACH" MOVANT'S CONVICTION UNDER THE NOW STRICT LIABILITY FLORIDA DRUG STATUTE IS NOT A DRUG TRAFFICKING OFFENSE AND IS NOT A CONTROLLED SUBSTANCE OFFENSE UNDER § 4B1.2.

(CV Dkt. 4 Ex. 1 at 21).

**Ground Four:**

> BECAUSE MOVANT'S FLORIDA DRUG PRIORS DID NOT MEET THE DEFINITION OF A "CONTROLLED SUBSTANCE. OFFENSE" IN § 4B1.2 THEY DID NOT QUALIFY AS PREDICATE DRUG OFFENSES UNDER THE CAREER OFFENDER PROVISIONS OF THE GUIDELINES[.]

(CV Dkt. 4 Ex. 1 at 22).

**Ground Five:**

> THE CAREER CRIMINAL ENHANCEMENT IMPOSED ON MOVANT PURSUANT TO § 4B1.2 IS NULL AND VOID BECAUSE IT CONFLICTS WITH TITLE 21 U.S.C. § 851(a)(1)

WHERE THE SENTENCING GUIDELINES CANNOT SUPERSEDED A FEDERAL STATUTE WITH WHICH IT CONFLICTS[.]

(CV Dkt. 4 Ex. 1 at 27).[3]

**Ground Six:**

MOVANT'S CAREER OFFENDER ENHANCEMENT WAS IMPOSED IN VIOLATION OF THE FULL FAITH AND CREDIT ACT.

(CV Dkt. 4 Ex. 1 at 30).

## Discussion

All of these grounds relate to Petitioner's classification and enhanced sentence as a career offender, which he argues was applied in violation of his Fifth Amendment due process rights.

A defendant qualifies as a career offender under the Sentencing Guidelines "if . . . the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(2)-(3). Under the Guidelines,

> [t]he term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

---

[3] In his Reply, Petitioner withdraws Ground Five. (CV Dkt. 9 at 1).

4

Petitioner's Presentence Investigation Report demonstrates that he was convicted of the following felony drug offenses:

> a) Possession of Cocaine with intent to sell or deliver, Sarasota County Circuit Court, Case No. 01CF3332, a felony controlled substance offense, sentenced on April 20, 2004,
>
> b) Possession of Marijuana with Intent to Sell, Orange County Circuit Court, Case No. 02CF2266, a felony controlled substance offense, sentenced on October 31, 2003,
>
> c) Possession of Cocaine with Intent to Sell or Deliver, Hillsborough County Circuit Court, Case No. 02CF18008, a felony controlled substance offense, sentenced on October 2, 2003[.]

(PSR at 6).

In Ground One, he contends that federal law requires a defendant to have knowledge of the illicit nature of the substance, while Florida law, Section 893.13, Florida Statutes, does not. He argues that this discrepancy disqualifies his prior convictions as predicate controlled substance offenses under the Sentencing Guidelines, § 4B1.2.

In Ground Two, he contends that the modified categorical approach cannot be used to supply the purportedly missing mens rea element where the prior statute under which he was convicted requires a single set of indivisible elements for conviction. He maintains that the categorical approach must be used, which involves determining whether the elements of the state statute and the generic federal crime "match."[4] In Grounds Three and Four, he follows through with his argument

---

[4] The Supreme Court has explained the difference between the categorical and modified categorical approaches in *Descamps v. United States*, 133 S. Ct. 2276 (2013). The modified categorical approach is appropriate

> when a prior conviction is for violating a so-called "divisible statute." That kind of statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other

by contending that the federal and state offenses do not match under the categorical approach and therefore his prior offenses cannot qualify as predicate controlled substance offenses for the purpose of enhancing his federal sentence.[5] Finally, in Ground Six, he contends that the imposition of a career offender enhancement violates the Full Faith and Credit Act, Title 28 United States Code Section 1738.[6]

Petitioner's claims are not cognizable on collateral review. Notwithstanding his previous Section 2255 motion and direct appeal, this Petition is the first time he has challenged his career offender status. "[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a [Section] 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). The procedural default rule "generally applies to all claims, including constitutional claims." *Id.* There

---

> (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Descamps*, 133 S. Ct. at 2281.

[5] Petitioner also argues in his Reply that his term of imprisonment exceeded one year for only one of the three identified prior convictions. However, for imposition of the career offender enhancement, the United States Sentencing Guidelines do not require him to have actually served more than a year of imprisonment; rather, under the sentencing guidelines, the predicate offenses must have been "punishable" by imprisonment for a term exceeding one year. U.S.S.G. § 4B1.2(b). Therefore, that Petitioner served less than one year of imprisonment for two of the convictions is not determinative.

[6] The Full Faith and Credit Act provides that the authenticated

> records and judicial proceedings or copies thereof [of any State, Territory, or Possession of the United States] . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738.

6

are only two exceptions to the procedural default rule, "(1) . . . cause and prejudice, and (2) . . . a miscarriage of justice, or actual innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011); *see also Lynn*, 365 F.3d at 1234.

At sentencing, counsel for Petitioner argued factors supporting mitigation of the career offender enhancement but did not challenge the use of his prior convictions in relation to the career offender enhancement. Nor did counsel challenge the facts in the PSR. (CR Dkt. 71 at 4-5). In his first Section 2255 petition, Petitioner claimed, among other things, that he was incorrectly sentenced as a career offender due to counsel's ineffectiveness. (Civil Case 8:11-cv-240-T-27AEP Dkt. 15 at 2). While he asserted that his attorney failed to advise him that he was a career offender and that he would receive a sentence of more than sixty months, he did not challenge his status as a career offender. (*Id.* at 3-8). And, when granted the opportunity to file an out of time appeal, he did not raise the arguments he now presents in his § 2255 motion. Rather, he asserted, without success, that his sentence was disproportionate to his offense, in violation of the Eighth Amendment. *See Cuevas*, 507 F. App'x 903.

"[T]o show cause for a procedural default, [Petitioner] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Lynn*, 365 F.3d at 1235. Petitioner contends that new legal developments arose that were not previously available to him. (CV Dkt. 4 at 10). Specifically, he cites to *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Donawa v. United States Attorney General*, 735 F.3d 1275, 1279 (11th Cir. 2013), both decided after his direct appeal.

7

In *Descamps*, the Supreme Court addressed:

> whether sentencing courts may . . . consult those additional documents [permitted by the modified categorical approach for determining whether the elements of a crime under a state statute match the federal generic offense] when a defendant was convicted under an "indivisible" statute—i.e., one not containing alternative elements—that criminalizes a broader swath of conduct than the relevant generic offense. That would enable a court to decide, based on information about a case's underlying facts, that the defendant's prior conviction qualifies as an [Armed Career Criminal Act] predicate even though the elements of the crime fail to satisfy our categorical test.

133 S. Ct. at 2281-82. The Supreme Court answered that question in the negative. *Id.* at 2282.

However, as the Government points out, *Descamps* does not foreclose application of the career offender enhancement to Petitioner. Contrary to his assertion, Section 893.13(1)(a), Florida Statutes, is divisible.[7] Therefore, *Descamps* does not change the analysis required for comparing USSG § 4B1.2 and the state statutes under which Petitioner was convicted.

---

[7] That Section, which provides multiple means of violation, states:

> (1)(a) Except as authorized by this chapter and chapter 499, a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. A person who violates this provision with respect to:
>   1. A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a), (2)(b), or (2)(c) 4. commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
>   2. A controlled substance named or described in s. 893.03(1)(c), (2)(c) 1., (2)(c)2., (2)(c)3., (2)(c)5., (2)(c)6., (2)(c)7., (2)(c)8., (2)(c)9., (3), or (4) commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
>   3. A controlled substance named or described in s. 893.03(5) commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

Fla. Stat. § 893.13(1)(a).

Nor does *Donawa* change the required analysis. In *Donawa,* the court considered "whether Fla. Stat. § 893.13(1)(a)(2) is, as a matter of law, a drug trafficking crime as defined in 18 U.S.C. § 924(c)(2).[8]" *Donawa,* 735 F.3d at 1281. The Sentencing Guidelines, however, do not rely on Section 924(c)(2), but instead define "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G § 4B1.2(b).

Therefore, the holding in *Donawa,* "that Fla. Stat. § 893.13(1)(a)(2), as amended by Fla. Stat. § 893.101, does not qualify as a drug trafficking aggravated felony under the categorical approach," does not apply to Petitioner's predicate state court convictions. Further, his contention that Section 893.13(1)(a), Florida Statutes is a strict liability offense, while the generic federal offense requires knowledge of the illicit nature of the substance, is without merit. *See United States v. Smith,* 522 F. App'x 564, 566 (11th Cir. 2013) ("[N]either the statutory language of the sentencing guidelines nor our case law requires that a 'controlled substance offense' be one in which the defendant had knowledge of the illicit nature of the substance.").

Nor does Petitioner demonstrate actual innocence of his sentence. Although he appears to claim that he is actually innocent of the career offender enhancement, he does not actually challenge

---

[8] "For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2).

9

the accuracy of his predicate convictions. In fact, the accuracy of those convictions was confirmed by his counsel at sentencing, and he did not challenge the underlying facts contained in the PSR. (CR Dkt. 71 at 4-5).

Also meritless is Petitioner's claim in Ground Six that imposition of a career offender enhancement violates the Full Faith and Credit Act, Title 28 United States Code Section 1738. Since the district court did not refuse to recognize the validity of his state court judgments, the imposition of the career offender enhancement does not violate the Full Faith and Credit Act. *See e.g.*, *Smart v. United States*, Nos. 608CV010, 605CR039, 2008 WL 2902608, at *1-2 (S.D. Ga. July 28, 2008).

And finally, Petitioner's plea agreement included a provision expressly waiving his right to appeal his sentence.[9] An appeal waiver in a plea agreement is enforceable if the waiver is made knowingly and voluntarily. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). An appeal waiver will be enforced if the Government demonstrates either: (1) that the district court specifically questioned the Petitioner about the waiver during the plea colloquy, or (2) that the record clearly shows that the Petitioner

---

[9] The appeal waiver states:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution[.]

(CR Dkt. 47 at 11).

otherwise understood the full significance of the waiver. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005).

During his plea colloquy, Petitioner expressly testified that he understood the consequences of the appeal waiver, including the provision barring collateral attack:

> THE COURT: Mr. Cuevas, as you sit here now, you would have the right to complain about any sentence you may receive, that is, you would have the right to appeal your sentence to the appellate court. However, by the provisions of your plea agreement, you have substantially limited if not waived your appellate rights.
>
> Specifically, if you look at page 11, paragraph B-5, that provision identifies only limited circumstances when you may file an appeal. Those events include, one, the ground that the sentence exceeds the applicable advisory guideline range as determined by the Court pursuant to the United States Sentencing Guidelines; two, the ground that the sentence exceeds the statutory maximum penalty; three, the ground that the sentence violates the Eighth Amendment to the Constitution; or, four, in the event that the [G]overnment files an appeal, you are released from this waiver and you may file an appeal, as well.
>
> Do you understand, Mr. Cuevas, by this provision of your plea agreement, you have in essence waived or given up your right to appeal unless and only if one of these events occur?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you feel you understand this provision of your plea agreement?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has anyone forced you or threatened you in any way in order to get you to waive your right to appeal?
>
> THE DEFENDANT: No, sir.
>
> . . .

>    THE COURT: Do you make your waiver of appeal knowingly and
>        voluntarily?
>
>    THE DEFENDANT: Yes, sir.

(CR Dkt. 70 at 18-20).

Petitioner does not challenge the knowing and voluntary nature of his guilty plea. However, in his Reply, he argues that the essence of his motion is a challenge to the knowing and voluntary nature of his plea agreement. Specifically, he contends that the plea colloquy was silent with regard to his right to collaterally attack his sentence.

While the plea colloquy did not expressly mention "collateral attack," the Court specifically discussed the four exceptions to the appeal waiver, exceptions which do not include collateral attack. (CR Dkt. 70 at 18-20). Petitioner confirmed that he had reviewed the plea agreement in its entirety, reviewed it with his counsel, initialed each page, and understood all of the provisions in the plea agreement. (CR Dkt. 70 at 12). The record therefore demonstrates that he knowingly and voluntarily entered into the plea agreement, including the appeal waiver provision. Accordingly, he waived his right to collaterally attack his sentence on any ground.

As Petitioner's claims are not cognizable on collateral review, and he waived any collateral claims in his plea agreement, Grounds One through Six are denied.

## C. Evidentiary Hearing

An evidentiary hearing is not warranted because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

Accordingly, Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 4) is **DENIED**. The clerk is directed to enter judgment against Petitioner and close this case.

### Certificate of Appealability Denied

A prisoner whose motion to vacate is unsuccessful has no absolute right to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)). Petitioner cannot make that showing. Since he is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** this 1st day of November, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, *pro se,* Counsel of record